IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11CR3086 |
| vs. | |
| RUBEN CARRILLO-CASTELLON, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on Castellon's *pro se* motion to dismiss the indictment in his case. Filing 115. The Court will construe Castellon's motion as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, and the Court will give Castellon the opportunity to withdraw or amend his motion.

## I. BACKGROUND

    Castellon was charged with conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* filing 1. Castellon pled guilty to the sole count of the indictment, pursuant to a plea agreement. *See* filings 43, 44, 45, 48, and 51. On February 2, 2012, Senior Judge Richard G. Kopf entered judgment, sentencing Castellon to 87 months' imprisonment. Filing 84. Castellon filed a notice of appeal on June 18, 2012, which was dismissed as untimely. *See* filings 102 through 110.

## II. ANALYSIS

    Castellon asks the Court to dismiss the indictment under which he was convicted. He argues that the indictment failed to provide him with notice of the crime charged and the possible penalties, in violation of his due process rights, and that it was defective under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He also asserts that § 841(b) is facially unconstitutional under *Apprendi*.

    The Court will construe Castellon's motion as one brought under § 2255. Castellon is challenging the legality of his conviction and sentence, which must be done through a § 2255 motion. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (federal prisoner challenging the

legality of his sentence must raise his claims in a § 2255 motion). Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)*.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(a). Castellon's motion falls within the scope of § 2255.

However, before Castellon's motion may be characterized as a § 2255 motion, two conditions must be satisfied. The Court must warn Castellon of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences. *See Castro v. United States, 540 U.S. 375, 382–83 (2003)*. Castellon is warned: federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions.[1] So, Castellon must do his utmost to include all of his claims for post-conviction relief in a single motion. If Castellon has additional grounds for relief he wishes to assert, he should consider withdrawing his current motion, or seeking leave to amend it. Otherwise he runs the risk of forfeiting his other claims.

Castellon is also warned that a 1-year statute of limitations applies to § 2255 motions. *See* § 2255(f). Castellon's current motion was filed within

---

[1] A second or successive motion must be certified under 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).

- 2 -

that period,[2] but if he is not careful, future motions may fall outside the limitations period and be barred.

The Court will grant Castellon leave to amend or withdraw the present motion. So, Castellon has three options:

1. If Castellon wishes the Court to rule on his current § 2255 motion <u>as submitted</u>, he shall notify the Court on or before **November 7, 2012**. If Castellon does not respond to this order by November 7, 2012, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

2. Castellon may <u>withdraw</u> his current motion. If Castellon wishes to do so, he must inform the Court on or before **November 7, 2012**. If the present motion is withdrawn, Castellon may assert a new § 2255 motion within the otherwise applicable statute of limitations. *See* § 2255(f). If Castellon later files a new § 2255 motion, he is directed to use the standard § 2255 form. The Clerk will provide Castellon with a copy of this form.

3. Castellon may <u>amend</u> his current motion. He may amend his current claim for relief, and may also add new claims for relief. If Castellon chooses to amend his motion, he must submit an amended § 2255 motion on or before **November 7, 2012**. Castellon may amend his motion by simply amending his brief as submitted or by using the § 2255 motion form (or by using a combination of the two). The Clerk will provide Castellon with a copy of this form.

---

[2] The 1-year period of limitations starts to run from the latest of several triggering events. § 2255(f). In this case (unless Castellon shows that another triggering event is appropriate), the 1-year period began to run on the date Castellon's conviction became final. § 2255(f)(1). Judgment was entered on February 2, 2012. Filing 84. Because Castellon failed to file a timely notice of appeal, his conviction became final 14 days later, on February 17, 2012. *See*, Fed. R. App. P. 4(b); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *see also*, *United States v. Jackson*, 205 F. Supp. 2d 876, 880 (W.D. Tenn. 2002) (untimely notice of appeal does not toll running of 1-year limit); *United States v. Davis*, 2009 WL 693135, at *2–3 (D.S.C. 2009) (same).

Accordingly,

IT IS ORDERED:

1. On or before November 7, 2012, Castellon shall either: inform the Court that he wishes to proceed with his motion as submitted; withdraw the current motion; or submit an amended motion. If Castellon does not respond, he will be deemed to have consented to having the present motion treated as a § 2255 motion, and the Court will rule on it as currently submitted.

2. The Clerk's Office is directed to send a copy of this order and a § 2255 motion form to Castellon at his last known address; and

3. The Clerk's Office is directed to set a pro se case management deadline with the following text: November 8, 2012: Check for Castellon's response regarding conversion to § 2255.

Dated this 4th day of October, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge