IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11CR3086 |
| vs. | |
| RUBEN CARRILLO-CASTELLON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Castellon's pro se motion to dismiss the indictment in his case. Filing 115. The Court previously construed Castellon's motion as one to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, and gave Castellon the opportunity to withdraw or amend his motion. *See*, filing 117; *Castro v. United States,* 540 U.S. 375, 382–83 (2003); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Castellon has not responded, and his motion is now ripe for consideration. For the reasons discussed below, Castellon's motion will be denied.

Castellon pleaded guilty, pursuant to a plea agreement, to count 1 of an indictment charging him with conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* filings 1; 43; 44; 45; 48; and 51. Castellon's offense was punishable by 5 to 40 years' imprisonment. § 841(b)(1)(B)(viii). Castellon was informed of this before entering his plea. *See*, filing at 43 at 4; filing 44 at 3. On February 1, 2012, Senior United States District Judge Richard G. Kopf sentenced Castellon to 87 months' imprisonment. Filing 84. Castellon filed a notice of appeal on June 18, 2012, which was dismissed as untimely. *See* filings 102 through 110. Thereafter, Castellon filed the present motion to dismiss the indictment under which he was convicted. Filing 115.

Castellon argues that the indictment failed to provide him with notice of the crime charged and the possible penalties, in violation of his due process rights, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the Court therefore lacked jurisdiction to sentence him. He also asserts that § 841(b), which sets forth penalties for violations of § 841(a), is facially unconstitutional under *Apprendi*.

All of these arguments are without merit, but Castellon's challenge fails for a more basic reason. Castellon previously waived the right to appeal or collaterally attack his conviction and sentence, with limited exceptions not applicable here. In his plea agreement, Castellon agreed that he

> knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.
> 
> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:
> 
> (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.
> (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

Filing 44 at 6–7. Neither of the narrow exceptions apply in this case.

The Court sees no reason the waiver should not be upheld. As a general rule, a defendant may waive his right to appeal or raise collateral attacks in a plea agreement. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *United States v. Van Nguyen*, 602 F.3d 886, 893 (8th Cir. 2010). Such a waiver is enforceable, provided (1) the defendant knowingly and voluntarily waived his right to appeal; (2) the issues the defendant wishes to appeal fall within the scope of the waiver; and (3) enforcement of the waiver would not result in a miscarriage of justice. *Ackerland*, 633 F.3d at 701. When conducting this inquiry, the government bears the burdens of proof and persuasion. *See United States v. Sisco,* 576 F.3d 791, 795 (8th Cir. 2009). And any ambiguities in a waiver must be construed against the government. *Id.*

The Court finds the waiver is enforceable in this instance. Castellon has not even alleged that his plea or decision to enter into the plea agreement were anything but voluntary and knowing. Nor does the record contain even the slightest suggestion to the contrary. At the change of plea hearing, Castellon agreed he was satisfied with his representation and that he understood the rights he was waiving by pleading guilty. Filing 48 at 9–22. He also stated that he understood he was waiving his right to challenge his conviction and sentence except in the circumstances listed above. Filing 48 at 19–22. As to the second factor, the issues Castellon wishes to appeal relate to his conviction and sentence, and hence fall within the scope of his waiver. And he has given the Court no reason to believe that enforcement of the waiver would result in a miscarriage of justice. In short, the Court finds that Castellon has waived his challenge to the indictment and that his motion should be dismissed.

And in any event, Castellon's arguments are all without substantive merit. He first argues that the indictment failed to provide him with fair notice of the type and amount of drugs he was charged with, and thus the applicable penalties. But the indictment against Castellon provided precisely that information. It charged him with distribution, or possession with the intent to distribute "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers . . . in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)." This was a sufficient description of the charge brought against Castellon. *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 44–45 (1st Cir. 2003). This also disposes of his argument that the indictment failed to give him notice in violation of due process. Nor, as Castellon alleges, was the indictment "wholly silent of [sic] Section 841(b)." Section 841(b)(1), which sets forth the minimum and maximum sentences for certain quantities of drugs, was clearly referenced in the indictment.

Castellon also argues that the indictment was defective under *Apprendi*. But he has not articulated a coherent argument based upon *Apprendi*. Under the line of cases beginning with *Apprendi*, a judge may not impose a sentence beyond the maximum authorized by the facts reflected in a jury verdict or established by a plea of guilty. More specifically, any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts reflected in the jury verdict or established by a plea of guilty must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 244 (2005); *Blakely v. Washington,* 542 U.S. 296, 303 (2004).

Castellon does not argue that his sentence was imposed in excess of the facts established by his plea of guilty. Nor could he. In both his plea

agreement and petition to enter a plea of guilty, and at his change of plea hearing, he acknowledged that he conspired to distribute between 50 and 150 grams of actual methamphetamine. Filing 43 at 8; filing 44 at 2–3; filing 48 at 18–19, 27. Defendant instead appears to be asserting a violation of his right under the Fifth Amendment to be tried on felony charges returned by a grand jury indictment. *See,* U.S. CONST. Amend. V; *Jones v. United States,* 526 U.S. 227, 232 (1999); *Stirone v. United States,* 361 U.S. 212, 217 (1960). But as the Court has already found, there was nothing invalid in the indictment.

Finally, Castellon argues that the penalty provisions of 21 U.S.C. § 841(b) are facially unconstitutional, but the arguments he relies upon have been rejected by every court to consider the matter. *See, e.g., United States v. Buckland,* 289 F.3d 558 (9th Cir. 2002) (en banc); *United States v. Woods,* 270 F.3d 728 (8th Cir. 2001); *McCoy v. United States,* 266 F.3d 1245, 1248–50 (11th Cir. 2001); *United States v. Slaughter,* 238 F.3d 580 (5th Cir. 2000).

In short, Castellon's arguments are without merit, and more to the point, he has waived the right to bring this § 2255 motion. Accordingly,

IT IS ORDERED:

1. Castellon's pro se motion to dismiss the indictment in his case (filing 115), which the Court has construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, is denied;

2. A separate judgment will be entered; and

3. The Clerk is directed to mail a copy of this memorandum and order to the defendant at his last known address.

Dated this 4th day of January, 2013.

BY THE COURT:

*[signature]*
John M. Gerrard
United States District Judge